IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD DAVID JONES,

      Plaintiff,

vs.                            Case No.  4:21cv320-MW-MAF

GADSDEN COUNTY SCHOOL BOARD,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

*Pro se* and *in forma pauperis* plaintiff, Ronald Jones—an African-American former substitute teacher with the Gadsden County School system—is proceeding on a second amended complaint ("Complaint") in this "failure-to-hire" action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). ECF No. 11.  Pending before the Court are cross-motions for summary judgment by Defendant Gadsden County School Board ("GCSB") and by Plaintiff.  ECF Nos. 41, 44.  The parties have responded in opposition, so

the motions are ripe for resolution.  ECF Nos. 46, 47.  After reviewing the parties' submissions, the record, and the relevant law, the undersigned respectfully **RECOMMENDS** that Defendant's motion is due to be **GRANTED** and that Plaintiff's motion is due to be **DENIED**.

## I.   SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party must show that the nonmoving party has no evidence to support his or her case or present affirmative evidence that the nonmoving party will be unable to prove his or her case at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).  If the moving party successfully negates an essential element of the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id*., 477 U.S. at 322–23, 106 S.Ct. at 2552–53.  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202

(1986) (emphasis in original).  A dispute is "genuine" if the "evidence is

such that a reasonable jury could return a verdict for the nonmoving

party." *Id.*, 477 U.S. at 248, 106 S.Ct. at 2510 (citation omitted).  A fact is

"material" if it "might affect the outcome of the suit under the governing

law."  *Id*.  The nonmoving party must show more than the existence of a

"metaphysical doubt" regarding the material facts.  *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356,

89 L.Ed.2d 538 (1986) (citations omitted).  Speculation or conjecture from a

party cannot create a genuine issue of material fact.  *See Cordoba v.*

*Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  "A mere scintilla of

evidence in support of the nonmoving party will not suffice to overcome a

motion for summary judgment."  *Young v. City of Palm Bay, Fla.*, 358 F.3d

859, 860 (11th Cir. 2004) (citation omitted); *see also Celotex Corp.*, 477

U.S. at 324, 106 S.Ct. at 2553.  The nonmoving party must either point to

evidence in the record or present additional evidence sufficient to withstand

a directed verdict motion at trial based on the alleged evidentiary

deficiency.  *See Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236

(11th Cir. 1997) (Rule 56 requires the nonmoving party to go beyond the

4

pleadings and by his or her own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers or other materials on file designate specific facts showing that there is a genuine issue for trial); *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994).

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him or her. *See Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Nonetheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove. *See Celotex Corp*., 477 U.S. at 324–25, 106 S.Ct. at 2553–54. A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp*., 477 U.S. at 322, 106 S.Ct. at 2552.

As a general rule, *pro se* filings are "to be liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

While *pro se* pleadings are liberally construed, "a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted). Thus, "[a]lthough [the courts] show leniency to *pro se* litigants, [they] will not serve as de facto counsel, or rewrite an otherwise deficient pleading in order to sustain an action." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x. 296, 298 (11th Cir. 2009) (per curiam) (citation and internal quotation marks omitted).

When considering cross-motions for summary judgment, the standard does not change. The court views the facts "in the light most favorable to the non-moving party on each motion." *See Chavez v. Mercantil Commercebank, N.A.,* 701 F.3d 896, 899 (11th Cir. 2012) (citation omitted).

## II.    THE RECORD EVIDENCE

Before setting forth the relevant material facts in this case, the Court points out that the record evidence presents some anomalies because the parties applied legal authority inapplicable to the Court's resolution of their motions. These legal errors affected what evidence the parties did, or did

6

not, present to the Court. As for Defendant's error, it argues that collateral estoppel requires this Court to give preclusive effect to the findings of fact made by the Administrative Law Judge ("ALJ") during the administrative proceedings that preceded this lawsuit.  That is not a correct reading of the law as explained more fully below.  Due to Defendant's faulty view that collateral estoppel applies to this case, Defendant cited extensively to the ALJ's Recommended Order as summary judgment evidence. *See* ECF No. 41.  Because the ALJ's findings were never reviewed by the state court, the Court cannot accept those facts.  Notwithstanding the problem with Defendant's reliance on the ALJ's findings, Defendant nevertheless submitted sworn testimony sufficient for the Court to resolve its motion.

As for Plaintiff's error, he seems to have applied both the legal standard for a motion to dismiss and the standard for a motion for summary judgment.  *See* ECF No. 44 at 1 & 14.  Because Plaintiff conflated the two different standards of review, Plaintiff does not argue that he is entitled to judgment as a matter of law.  Rather, Plaintiff argues that his case should not be dismissed because he has stated a prima facie case of discrimination.  *See id.* at 14-15. Furthermore, documents filed in support of

Plaintiff's motion are bereft of evidence of discrimination.  For example,

Plaintiff attached Defendant's responses to Plaintiff's First Set of

Interrogatories, ECF No. 44 at 23-29, without explaining how the responses

support his motion.  Upon review, none of Defendant's interrogatory

responses supports Plaintiff's claims of discrimination.  Similarly, the other

four (4) documents Plaintiff submitted in support of his motion do not

establish that Plaintiff was discriminated against on the basis of sex or

age.[1]  *Id.* at 30-42.  Finally, Plaintiff's memorandum alleges facts far outside

of the scope of the claims asserted in this lawsuit such as "Gadsden

County Teachers are paid big bonuses for teaching students how to cheat!"

ECF No. 44 at 5 ¶ 11.  And, "Defendants gave me the wrong [pay] check."

*Id.* at 7 ¶ 12. And, "Defendants are robbing the bank."  *Id.* at 7 ¶ 3.  In sum,

Plaintiff has not supported his motion for summary judgment with any

---

[1] These four (4) documents include (1) an out-of-context chart showing race and gender percentages for Gadsden County's 2020-2021 Administrative and Faculty Positions, ECF No. 44 at 30; (2) an unrelated hand-written note dated February 14, 2019 from the principal to Plaintiff, *id*. at 31; (3) unrelated minutes from the May 25, 2021 GCSB meeting, *id.* at 32-41; and (4) an irrelevant copy of Plaintiff's direct deposit receipt dated June 10, 2013, *id*. at 42.

evidence that would entitle him to judgment as a matter of law on his sex or age discrimination claims.

To complicate matters, Plaintiff's memorandum in opposition to Defendant's motion for summary judgment cites to Defendant's responses to Plaintiff's First Set of Interrogatories as summary judgment evidence— but only as evidence of racial discrimination and retaliation, which claims are not alleged in the Complaint.  *See* ECF No. 47 at 3, *compare* ECF No. 11.  So, although Plaintiff correctly cited to the record in opposition to summary judgment, he did not cite to any evidence that would counter Defendant's evidence that it did not discriminate against him on the basis of sex or age.  Additionally, Plaintiff filed forty-one (41) pages of other documents in opposition most of which are wholly unrelated to Plaintiff's sex and age discrimination claims.  *See* ECF No. 47 at 25-59.[2]  Among the

---

[2] The other documents Plaintiff filed in opposition include the following: (1) Defendant's Responses to Plaintiff's Second Interrogatories, ECF No. 47 at 25-32, which were properly objected to as not relevant; (2) Plaintiff's unanswered and undated Third Set of Interrogatories, *id.* at 33-37, which is comprised of off-topic rants rather than questions directed at gender or age discrimination in hiring; (3) Gadsden County Public Schools Employment Recommendation Form dated November 19, 2017, which predates by two (2) years the allegations in the Complaint and has nothing to do with

forty-one (41) pages, the only relevant documents include (1) the

Declaration of the Florida Department of Education's Deputy Chancellor for

Educator Quality, attesting that Plaintiff held a certificate of eligibility for

teaching social sciences for Grades 6-12 during the relevant time period,

ECF No. 47 at 51; (2) a copy of Plaintiff's Temporary Educator's Certificate

dated July 7, 2008, certifying him to teach social sciences for Grades 5-9

---

Plaintiff's claims that GCSB discriminated against him in 2019-2020, *id.* at 38; (4) an out-of-context chart showing race and gender percentages of Gadsden County's 2020-2021 Administrative and Faculty positions, *id.* at 39; (4) Respondent's Proposed Exhibits and Witness List for the 2021 administrative hearing held in *Ronald D. Jones v. Florida Dept' of Educ*., Case No. 21-001494 (Jul. 8, 2021), *id.* at 40-41; (5) an affidavit by Florida Department of Education Chief of Bureau of Educator Certification attesting that Plaintiff was denied a temporary teaching certificate in 2017 because Plaintiff failed to request its issuance, *id.* at 42-43 ¶¶ 4-5; (6) e-mail exchanges between Plaintiff and counsel for the Department of Education, discussing additional witnesses requested for the 2021 administrative hearing, *id.* at 45-46; (7) a list of four (4) teachers hired by Gadsden County Schools with criminal backgrounds who were referred to the Florida Department of Education for clearance, the last of which happened one (1) year before the events giving rise to this lawsuit took place, *id.* at 46-50; and (8) a letter from the Florida Department of Education stating that Plaintiff was eligible for a temporary certificate, social sciences Grades 5-9, *id.* at 54-56, along with a similar letter stating the Plaintiff was eligible to teach social studies (Grades 6-12) one year after the events complained of in this action, *id.* at 57-59.

until June 30, 2020, *id*. at 44; and (3) a letter from the Florida Department of Education stating that Plaintiff was eligible for a temporary teaching certificate covering social studies (Grades 6-12) during the relevant time period. *Id.* at 52-53. [3] Though relevant, these documents do not advance Plaintiff's case. That is because the parties do not dispute that Plaintiff was eligible for the full-time teaching positions for which applied. Rather, the parties' dispute is over whether Defendant failed to hire Plaintiff for an unlawful reason. None of Plaintiff's document submissions addresses this crucial point.

Notwithstanding these deficiencies, Plaintiff's verified Complaint as well as excerpts of Plaintiff's hearing testimony (submitted by Defendant)

---

[3] The Court notes that Plaintiff complains in his opposition memorandum that "Defendant did not complete answer Plaintiff's First and Second Interrogatories and did not answer Third Interrogatories at all." ECF No. 47 at 1. Upon review, Defendant appropriately answered and also lodged valid objections to Plaintiff's First and Second Set of Interrogatories. *See* ECF No. 47 at 18-32. As for Plaintiff's Third Set of Interrogatories, Plaintiff provides no proof of service or a date when the interrogatories were served. *See id*. at 33-36. And, even if he had, the Third Set of Interrogatories are clearly not relevant to Plaintiff's sex or age discrimination claims. *See id.*

are before the Court.  They, along with Defendant's sworn testimony, establish that there is no genuine issue for a jury to decide on Plaintiff's sex and age discrimination claims, as discussed below.

### III.    RELEVANT MATERIAL FACTS

Taking into account the anomalies in the record explained above, the undisputed facts are as follows:  Plaintiff is an African-American male who was 62-years old during the 2019-2020 school year.  *See* ECF No. 44 at 1 ¶ 1.  At that time, Plaintiff worked as a substitute social studies teacher for Defendant Gadsden County School Board ("GCSB").  *Id.* at 2 ¶ 5.  In mid-2019 through early 2020, Plaintiff applied for full-time positions as a social studies teacher at Gadsden County High School ("GCHS").  ECF No. 11 at 5 ¶¶ 2-3.  When he applied for the full-time positions, Plaintiff held a temporary teaching certificate for social sciences (Grades 6 through 12)—effective Oct. 12, 2017 through October 12, 2020.  ECF No. 47 at 52-53.  GCSB did not interview or hire Plaintiff for any of the seven (7) full-time

open positions for which he applied.  ECF No. 11 at 5 ¶ 2.  Instead, GCSB

hired the applicants listed below.[4]

| Person Hired | Position | Age | Sex | Race |
|---|---|---|---|---|
| Stephanie Dauphin | Social Studies | 23 | F | African-American |
| Devonte Knight | Social Studies | 25[5] | M | African-American |
| Albert Plewa | Social Studies | 29 | M | Caucasian |
| Dominga Robinson | Social Studies | 31 | F | African-American |
| Erin Shields | Social Studies | 33 | F | African-American |
| Laquadra Simmons | Social Studies | 38 | F | African-American |
| Ciara Stephenson | Social Studies | 32 | F | African-American |

ECF No. 11 at 6 ¶ 4.  While the parties agree on the facts up to this

point, the parties disagree on the reason GCSB decided not to hire Plaintiff.

---

[4] Defendant says that Plaintiff also applied to be a graduation coach and a special assignment teacher.  *See* ECF No. 41 at 4.  Because Plaintiff does not allege that he was discriminated against when Defendant failed to select him for these positions, the Court does not address them.

[5] Defendant contends that Mr. Knight was 27-years-old at the time Plaintiff was not hired.  ECF No. 41 at 4.  Whether Mr. Knight was 27 or 25 years old at the time GCSB hired him is not material to Plaintiff's claims.

Plaintiff says he was not hired because of his gender and his age.  ECF No. 11.  Defendants contend that Plaintiff was not hired because (1) the GCSB database flagged Plaintiff as ineligible for hiring due to his criminal history and (2) the hiring official (the GCHS principal) determined Plaintiff was unsuitable for full-time teaching because he could not control his classroom as a substitute teacher.  ECF No. 41 at 3-4.  To resolve the parties' dispute, the ALJ held an evidentiary hearing during which Plaintiff, the GCHS principal, and the GCHS vice-principal testified.  After the hearing, the ALJ issued a Recommendation Order comprised of Findings of Fact and Conclusions of Law.  ECF No. 40-1.  Because the ALJ findings were not reviewed by the state court, the Court cannot defer to them. *See* Discussion at IV.A. below.  The Court can, however, rely on the parties' citations to the hearing testimony as summary judgment evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).

Focusing on the dispute over why Defendant failed to hire Plaintiff, for purposes of summary judgment, the Court assumes that the allegations set forth in the verified Complaint are true and the Court construes the allegations liberally because of Plaintiff's *pro se* status, as follows:

GCSB hired two (2) men for the seven (7) social studies teaching positions for which Plaintiff applied.  The teaching positions were, therefore, filled mostly by females.  *See* ECF No. 11 at 6 ¶ 4.  On one occasion, GCSB hired an African-American female "straight out of college with no teaching experience" instead of Plaintiff, even though Plaintiff was the substitute teacher for the class at the time.  *Id.* at 5 ¶ 3.  Moreover, the GCHS principal hires more women than men such that "the whole social studies department  . . . [has] about two men in the whole department and about 10 females."  Hearing Testimony of Ronald D. Jones, ECF No. 40-5 at 79:16-19.  Additionally, GCSB filled each of the full-time social studies teacher positions with an applicant who was under forty (40) years of age*. See* ECF No. 11 at 6 ¶¶ 4-5.

The GCHS principal did not interview Plaintiff for any of the open teaching positions because Plaintiff had been mistakenly flagged as ineligible for hiring due to his criminal history.  ECF No. 47 at 2; Hearing Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at 101:1-5; Defendant's Responses to Plaintiff's First Set of Interrogatories No. 3, ECF No. 47 at 19-20.  Plaintiff is the only applicant who was not interviewed or

hired "because ineligible mistakenly appeared on an application." Defendant's Responses to Plaintiff's First Set of Interrogatories No. 4, ECF No. 47 at 20. Further, the GCHS principal did not interview or hire Plaintiff despite the fact that, prior to the interviews, Plaintiff provided the principal with a letter from the Florida Department of Education clearing him to teach. *See* ECF No. 47 at 6; Hearing Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at 100:25 – 101:1-3.

Plaintiff assumes that he has been discriminated against anytime Defendant hires someone of a different race, sex, or age than him. Hearing Testimony of Ronald D. Jones, ECF No. 40-5 at 78:15 – 82:5. Plaintiff's evidence that GCSB discriminated against him rests on "the fact that [Defendant] never hired [him]" and nothing more. *Id*. at 70:5-13.

Beyond Plaintiff's hearing testimony, the record contains no other evidence of discrimination. Instead, the record reflects that GCSB decided not to hire Plaintiff for reasons unrelated to his sex or age. In addition to Plaintiff's having been erroneously flagged as ineligible for hiring due to his

16

criminal history,[6] the GCHS principal also determined that Plaintiff was not

suitable for full-time teaching because Plaintiff could not control his

classroom as a substitute teacher.  Hearing Testimony of GCHS Principal

Pamela Jones, ECF No. 40-6 at 99:3-100:1; *see also id*. at 94:7-9 (Q: Did

you have any problem with discipline in my classroom?  A: Yes.).

The principal and vice-principal both testified that Plaintiff had

difficulty managing his classroom as a substitute teacher.  According to the

principal, "if you can't manage the classroom, you can't teach the students."

Hearing Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at

---

[6] As far as Plaintiff's being flagged as ineligible for hiring, the parties
dispute how the flagging came about. Plaintiff contends that someone
intentionally flagged him as ineligible to deprive him of an interview.  ECF
No. 47 at 3.  In support of this allegation, Plaintiff relies on Defendant's
admission that Plaintiff is the only person who has ever been flagged this
way by mistake.  *Id*. at 11; *see also* Defendant's Response to Plaintiff's
Interrogatory No. 4, ECF No. 47 at 20.  Defendant says that Plaintiff's own
input into the GCSB hiring database caused him to be flagged as ineligible,
because Plaintiff disclosed that he had a criminal conviction when he
applied for the jobs. Hearing Testimony of GCHS Principal Pamela Jones,
ECF No. 40-6 at 96:1-3).  Despite the parties' disagreement on how
Plaintiff came to be flagged, the parties agree that Plaintiff was "flagged"
due to his criminal history.  Thus, the flagging (intentional or not) had
nothing to do with Plaintiff's sex or age.

99:22-23.   Similarly, the GCSB vice-principal—who oversaw student
discipline and had observed Plaintiff as a substitute teacher—testified that
he had communicated to the principal that Plaintiff had "classroom
management issues" such that Plaintiff should be replaced as a substitute
teacher.  Hearing Testimony of Vice-Principal Elijah Key, Jr., ECF No. 40-7
at 112:22 – 113:9.  Specific classroom management issues observed by
the vice-principal included Plaintiff's "writing up" some students for cell
phone usage while allowing other students to use their cell phones during
class, which is against school policy.  *Id*. at 107:14-19; 109:22-24.  Also
"inappropriate" was Plaintiff's giving his students sodas and candy while at
school.  *Id*. 109:10-17.  Given these classroom management problems, the
GCHS principal testified that she probably would not have hired Plaintiff
even if he had not been mistakenly flagged as ineligible.  Hearing
Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at 99:16-18,
21-23.

Turning to the record evidence related to Plaintiff's age discrimination
claim, Plaintiff's support for this claim rests solely on the chart cited above
listing the ages of the persons hired for the positions (which Defendant

does not dispute).  *See* ECF No. 11 at 6 ¶ 4 & ECF No. 41 at 4.  The only

other evidence related to age discrimination in the record is a declaration

by the GCHS principal in which she attests that she hired at least fifteen

(15) teachers who were more than  forty (40) years old for the 2019-2020

school year. Declaration of GCHS Principal Pamela Jones, ECF No. 40-8 ¶

4.  Three (3) of the teachers hired were older than Plaintiff, and one of

them, who was hired as a Social Studies teacher, was eighty (80) years

old. *Id*.

        Upon review, Plaintiff has not pointed to any evidence in the record

beyond his own testimony and unsupported allegations to rebut

Defendant's evidence that it did not discriminate against him on the basis of

sex or age.

### IV.    Defendant's Motion for Summary Judgment, ECF No. 41

        Defendant's argument that GCSB is entitled to summary judgment is

three-fold.  First, Defendant contends that Plaintiff's claims are barred by

collateral estoppel because the discrimination claims lodged in this lawsuit

were fully litigated and resolved by the ALJ during the administrative

process.  ECF No.  41 at 7-10.  On this argument, Defendant misreads the

law.  Second and third, Defendant argues that Plaintiff failed to make out a

prima facie case of discrimination, and even if he did, he failed to show that

Defendant's proffered reasons for not hiring him were pretextual.  ECF No.

41 at 11-14.  On these points, the Court finds merit.  First, the Court

considers Defendant's collateral estoppel argument.

## A.    Collateral Estoppel Does Not Apply To This Case

Defendant asks the Court to grant it judgment as a matter of law on

Plaintiff's Title VII and ADEA discrimination claims because Plaintiff had a

"full and fair opportunity to litigate these issues in the administrative

process."  ECF No. 41 at 10.[7]  In support of this argument, Defendant cites

to the ALJ's March 30, 2021 Recommended Order, finding that Plaintiff

failed to show that the GCSB discriminated against him on the basis of sex,

race, or age, or that GCSB retaliated against him; thus, the ALJ

---

[7] Plaintiff does not allege race discrimination or retaliation in his operative
complaint even though he raised and litigated that issue at the
administrative level and despite his raising these issues in his summary
judgment memoranda. *See* ECF No. 11, *compare* ECF No. 44 at 2-4 &
ECF No. 47 at 3-5, 9-10.   Consequently, the Court will confine its review to
Plaintiff's sex and age discrimination claims.

20

recommended dismissal. *See* Recommended Order (Mar. 30, 2021),

*Jones v. School Board of Gadsden*, DOAH Case No. 20-449, ECF No. 40-1

at 17. Defendant represents that the FCHR adopted the ALJ's

recommendation to dismiss Plaintiff's case, and that Plaintiff did not appeal

the final order. *See* ECF No. 41 at 10.

In support of its collateral estoppel argument, Defendant relies on

*Kremer v. Chemical Constr. Corp.,* in which the United States Supreme

Court held that "Title VII does not repeal the application of 28 U.S.C. §

1738[8] which requires federal courts to give the same preclusive effect to

state court judgments that the judgments would be given in the courts of

the State from which the judgments emerged." 456 U.S. 461, 466–68, 102

S.Ct. 1883, 1889–90, 72 L.Ed.2d 262 (1982). Specifically, the Court

concluded that 28 U.S.C. § 1738 requires that full faith and credit be given

by the federal courts to a state court decision upholding a state

administrative agency's rejection of an employment discrimination claim if

---

[8] 28 U.S.C. § 1738 provides, in relevant part, that "[t]he records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."

two criteria are met: (1) the court of the state from which the judgment

emerged would grant preclusive effect to the judgment, and (2) the state

proceedings, including the administrative action and judicial review of this

action, do not violate the procedural requirements of the Fourteenth

Amendment's Due Process Clause.  *Kremer,* 465 U.S. at 463, 102 S.Ct. at

1887–88.

While Defendant is correct about *Kremer*'s holding, the Court also

explained in a footnote that:

> EEOC review of discrimination charges previously rejected by
> state agencies would be pointless if the federal courts were
> bound by such agency decisions. *Batiste v. Furnco Constr.
> Corp.,* 503 F.2d 447, 450, n.1 (7th Cir. 1974). Nor is it plausible
> to suggest that Congress intended federal courts to be bound
> further by state administrative decisions than by decisions of the
> EEOC. Since it is settled that decisions by the EEOC do not
> preclude a trial *de novo* in federal court, it is clear that
> unreviewed administrative determinations by state agencies also
> should not preclude such review even if such a decision were to
> be afforded preclusive effect in a State's own courts. *Garner v.
> Giarrusso,* 571 F.2d 1330 (5th Cir. 1978); *Batiste v. Furnco
> Constr. Corp., supra; Cooper v. Philip Morris, Inc.,* 464 F.2d 9
> (6th Cir. 1972); *Voutsis v. Union Carbide Corp.,* 452 F.2d 889
> (2nd Cir. 1971).

*Kremer,* 456 U.S. at 470, 102 S.Ct. at 1892, n.7; *see also Univ. of Tenn. v.

Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (finding that §

22

1738 applies to state court judgments but not unreviewed administrative determinations and no preclusive effect will be given in a subsequent Title VII action); *McInnes v. California,* 943 F.2d 1088, 1093–94 (9th Cir. 1991).

Thus, the holding in *Kremer* does not extend to Title VII cases such as this one where the state agency's administrative determination has not been reviewed by the state court.

Defendant also cites several Eleventh Circuit cases which stand for the proposition that "[a] state court's decision upholding an administrative body's findings has preclusive effect in a subsequent federal court proceeding[.]" *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *Carlisle v. Phenix City Bd. of Educ.*, 849 F.2d 1376, 1378 (11th Cir. 1988); *Quinn v. Monroe Cty.*, 330 F.3d 1320, 1328–29 (11th Cir. 2003); *Barrington v. Fla. Dep't of Health*, 112 F. Supp. 2d 1299, 1301 (M.D. Fla. 2000). Upon review of the cases cited by Defendant, each involved administrative determinations that had been reviewed by the state courts. That did not happen here. Here—and Defendant concedes this point—no appeal of the FCHR's final order was taken. *See* ECF No. 41 at 10. Thus, the state courts did not review the administrative determinations of the FCHR. That

23

means that the state proceedings in this matter began and ended at the administrative level.  As the Eleventh Circuit has explained, "it is the state court judgment, and not the agency decision, that triggers the full faith and credit requirement of Section 1738."  *Burney v. Polk Cmty. Coll*., 728 F.2d 1374, 1380 (11th Cir. 1984).  Absent a state court judgment, collateral estoppel does not apply.

Also, Plaintiff's participation in the Title VII administrative process simply means that he cleared a necessary hurdle prior to bringing his discrimination claims to this Court.  Initial resort to state administrative remedies does not deprive an individual of a right to a federal trial *de novo* on a Title VII claim. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), the Supreme Court held that the "civil action" in federal court following an EEOC decision was intended to be a trial *de novo*.   *See also Reedy v. Fla., Dept. of Educ*., 605 F. Supp. 172, 173 (N.D. Fla. 1985) (declining to apply collateral estoppel to Plaintiff's Title VII claims on the grounds that "*Kremer* clearly applies only to state *court* decisions.") (emphasis in original). Consequently, Plaintiff did

24

not forfeit his right to fully litigate his case in federal court by submitting to the state's administrative process.  "In a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court. . . .  In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them." *Crapp v. City of Miami Beach,* 242 F.3d 1017, 1022 (11th Cir. 2001) (quoting *McInnes,* 943 F.2d at 1093–94 (9th Cir. 1991), and relying on *Elliott,* 478 U.S. at 796, 106 S.Ct. 3220) (internal quotation marks omitted).

Finally, it would be unjust to require Title VII litigants to exhaust their administrative remedies prior to filing suit in federal court and then deprive them of the ability to fully litigate their claims upon arrival because the case had already been decided by an ALJ (at a proceeding where trial by jury is not an option).  Accordingly, Defendant is not entitled to summary judgment on collateral estoppel grounds.

Having concluded that summary judgment is not appropriate on Defendant's first argument, the Court turns to Defendant's other arguments

that summary judgment is warranted because Plaintiff cannot show that he was discriminated against under the *McDonnell-Douglas* framework.

**B.    Sex Discrimination Claims (Title VII)**

Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1). A plaintiff may prevail on his employment discrimination claim by proving that discrimination was a "motivating factor" in the employment decision. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012).  A plaintiff may offer either direct or circumstantial evidence to support his claim of employment discrimination*.  See Gray v. DeLoitte LLP*, 849 F. App'x, 843, 844 (11th Cir. 2021) (per curiam) (citing *Dixon v. Hallmark Cos.*, 627 F.3d 849, 854 (11th Cir. 2010)).

"[D]irect evidence of discrimination . . . [is] evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1086 (11th Cir. 2004) (citation and internal quotation marks omitted), *abrogated on other grounds by Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc).  In this Circuit, "only the

26

most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Wilson,* 376 F.3d at 1086 (citations and internal quotation marks omitted).

Absent direct evidence, the court applies the burden-shifting framework set forth in *McDonnell Douglas.  See Gray*, 849 F. App'x at 844. *McDonnell Douglas* requires a plaintiff to make out a prima facie case of discrimination. *Id.* at 845 (citation omitted*); see also Knight v. Baptist Hosp. of Miami, Inc*., 330 F.3d 1313, 1316 (11th Cir. 2003). Upon a plaintiff's establishing a prima facie case, a presumption arises that the employer discriminated against the employee. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997).  The burden at this stage "is exceedingly light."  *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983). It is merely a burden of production, not a burden of proof. *Id.*

If the Plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate reason for the adverse action.  *Gray*, 849 F. App'x at 845.  If the employer proffers a legitimate, non-discriminatory reason, then the burden returns to the employee to prove

27

that the employer's reason is a pretext for unlawful discrimination. *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008); *see also Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000) (per curiam).

In the case at hand, Plaintiff does not allege direct evidence of sex discrimination. Rather, Plaintiff points to the fact that he was not hired in favor of five (5) female applicants—along with two (2) other male applicants.  ECF No. 11 at 6 ¶ 4.  The Court will thus analyze Plaintiff's claims on the basis of indirect, circumstantial evidence.

To prevail under Title VII in a circumstantial evidence case, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside the protected class more favorably." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (per curiam) (citing *Crawford*, F.3d at 970).

Viewing the evidence in the light most favorable to Plaintiff: (1) Plaintiff is a member of a protected class with respect to his sex (male) and

age (over forty);[9] (2) Plaintiff applied for full-time employment with the

GCSB as a social studies teacher; and (3) Plaintiff was rejected.  Failure-

to-hire is an adverse employment action under Title VII.  An "adverse

employment action includes termination, failure to hire, or demotion. *Blue*

*v. Dunn Const. Co.*, 453 F. App'x 881, 884 (11th Cir. 2011) (citation and

internal quotation omitted).  As for whether Plaintiff was qualified for the

positions for which he applied, the record shows that Plaintiff held a

temporary teaching certificate for social sciences Grades 6 through 12

during the relevant time period.  Defendant does not dispute that Plaintiff

was qualified for the social studies teaching positions.  Instead, Defendant

contends that Plaintiff was unfit.  So, for purposes of summary judgment,

the Court accepts that Plaintiff was qualified for the positions for which he

applied.

Looking at the fourth element, it is undisputed that the full-time

teaching positions were filled mostly by females—five (5) women out of

---

[9] *See, e.g., Windhauser v. Bausch & Lomb, Inc.,* 302 F. Supp. 2d 139, (W.D.N.Y. 2003) (finding male over the age of forty (40) to be member of a protected class in a case where he alleged that he was discriminated against on the basis of gender and age).

seven (7) open positions. *See* ECF No. 11 at 6 ¶ 4.  That said, Plaintiff provides virtually no facts that would allow a court to infer that GCSB treated similarly-situated persons outside of Plaintiff's class of males more favorably. Instead, his complaint and testimony provide mostly conclusory allegations of discrimination and largely fail to provide sufficient factual matter to establish a prima facie case of sex discrimination.  Plaintiff does allege, however, that, on one occasion, GCSB hired an African-American female "straight out of college with no teaching experience" instead of Plaintiff, even though Plaintiff was the substitute teacher for the class at the time.  Construing this allegation quite liberally, Plaintiff still does not state a prima facie case.  That is because Plaintiff does not sufficiently allege that the female selected was similarly situated to him in every respect. All we know is that the person selected was an African-American female who held a college degree but who lacked teaching experience.  And, even if Plaintiff had provided facts sufficient to show that the selectee was similarly situated to Plaintiff in all respects, Plaintiff's failure to show pretext is fatal to his claims.

30

Before the Court reaches pretext, however, the Court turns to Defendant's proffered reasons for not hiring Plaintiff.  Defendant gave two (2) such reasons.  First, Defendant submitted sworn hearing testimony by the GCHS principal and vice-principal that Plaintiff was not fit for full-time teaching.  The GCHS principal testified that Plaintiff had trouble managing his classroom, which she viewed as a key component of effective teaching.  The principal further testified that she would not have hired Plaintiff for that reason alone.  Hearing Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at 99:16-18 & 21-23.  Likewise, the GCHS vice-principal testified that he had observed Plaintiff as a substitute teacher and had recommended to the principal that Plaintiff be replaced because Plaintiff had classroom management issues.  Hearing Testimony of GCHS Vice-Principal Elijah Key, Jr., ECF No. 40-7 at 107:5-14; 112:22-25.

The second reason proffered for not hiring Plaintiff was that Plaintiff's self-disclosure of his prior criminal history in his job application resulted in his being flagged him as "ineligible" for hiring.  Hearing Testimony of GCHS Principal Pamela Jones, ECF No. 40-6 at 96:1-3.  The parties dispute whether the GCSB database automatically flagged Plaintiff as ineligible, or

31

whether Defendant staff purposefully made the entry to disqualify Plaintiff.

Notwithstanding the dispute over *how* Plaintiff was flagged, there is no

allegation or record evidence that the "flagging" was done based on

Plaintiff's sex (or age for that matter).  Viewing the evidence in the light

most favorable to Plaintiff, even if Defendant staff intentionally flagged him

as ineligible due to his criminal background, there is no evidence that the

flagging was done to discriminate against Plaintiff on the basis of gender

(or age).[10]

Having examined the two (2) reasons proffered by Defendant, the

Court finds that Defendant met its burden of coming forward with

objectively non-discriminatory reasons for not hiring Plaintiff as a full-time

---

[10] In his opposition memorandum, Plaintiff argues that flagging a person "ineligible" for hiring based on the person's criminal history "could become disparate impact race discrimination" because "African-Americans are seven times more likely to be convicted of criminal offenses than Caucasians[.]"  ECF No. 47 at 3.  Even if the Court were to accept Plaintiff's assertion here, Plaintiff has not alleged race discrimination in this lawsuit.  *See* ECF No. 11.  And, in view of Plaintiff's concession that six (6) of the seven (7) persons hired were African-American, Plaintiff would be hard pressed to survive summary judgment on a racial discrimination claim.

social studies teacher.  Thus, the presumption of discrimination is eliminated.

Now the burden returns to Plaintiff to put forward some evidence to show that Defendant's proffered reasons are pretextual for sex discrimination.

"A plaintiff in a discrimination case based on circumstantial evidence can avoid judgment as a matter of law by putting on a prima facie case and by producing evidence sufficient to discredit in the mind of a reasonable juror all of the defendant's proffered nondiscriminatory reasons for its actions." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997).  In this case, Plaintiff "failed to produce evidence to permit a reasonable juror to reject as spurious Defendant's explanation" that it did not hire Plaintiff because he was unfit for the job.  *See id*.  And, here is where Plaintiff's sex discrimination claim ends.

Rather than refute Defendant's evidence that Plaintiff had trouble controlling his classroom, Plaintiff seems to agree that some of his students were unruly. *See* Hearing Testimony of GCHS Vice-Principal Elijah Key, Jr., ECF No. 40-7 at 110:12-15 "Q (from Plaintiff):  When I wrote referrals

33

where students verbally abused me and physically abused me, and nobody never did anything on them, you never acted on a referral that I wrote?"). Moreover, Plaintiff has not pointed to any evidence in the record to show that GCSB's proffered reasons were pretextual beyond Plaintiff's own testimony that his not being hired was proof *in and of itself* of sex discrimination. At this final stage of the burden-shifting analysis, Plaintiff must point to evidence in the record that would allow a reasonable fact finder to conclude that the reason proffered for the employment decision was pretext for discriminating against Plaintiff because he is male. *Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000). Plaintiff failed to do so. Plaintiff's bare allegations of sex discrimination, especially in light of Plaintiff's concession that two (2) other males were also selected for the positions, cannot withstand summary judgment.

Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's Title VII sex discrimination claims.

### C.    Age Discrimination Claims (ADEA)

Now turning to Plaintiff's claims for age discrimination. The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any

34

individual or otherwise discriminate against any individual with respect to

his compensation, terms, conditions, or privileges of employment, because

of such individual's age." 29 U.S.C. § 623(a)(1).  As with claims of race or

gender discrimination, a plaintiff can prove age discrimination through

direct or circumstantial evidence. *Sims v. MVM, Inc.,* 704 F.3d 1327, 1332

(11th Cir. 2013) (citing *Mora v. Jackson Mem'l Found., Inc.,* 597 F.3d 1201,

1204 (11th Cir. 2010)).

In the case at bar, Plaintiff has pleaded no facts to suggest direct

evidence of age discrimination.  Thus, the Court must consider whether

circumstantial evidence supports Plaintiff's claim that GCSB discriminated

against him because of his age.  An ADEA plaintiff may demonstrate

circumstantial evidence of disparate treatment through the *McDonnell*

*Douglas* burden-shifting framework discussed above.  *Chapman,* 229 F.3d

at 1024.  "The burden of persuasion always remains on the plaintiff in

an ADEA case to proffer evidence sufficient to permit a reasonable fact

finder to conclude that the discriminatory animus was the 'but-for' cause of

the adverse employment action." *Sims*, 704 F.3d at 1332 (citation omitted).

To establish a prima facie case of age discrimination, a plaintiff must demonstrate: (1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that he was qualified to do the job; and (4) that a younger individual was given the job instead. *Horn v. UPS, Inc.*, 433 F. App'x 788, 792 (11th Cir. 2011) (per curiam) (citing *Chapman*, 229 F.3d at 1024). The proper inquiry for the fourth element is whether the person selected for the position was "substantially younger" than the plaintiff. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).

Applying these elements, Plaintiff is a member of the protected persons between the ages of forty (40) and seventy (70) because he was sixty-two (62) years old at the time of decision. So, Plaintiff satisfies the first element of an ADEA claim. Plaintiff also satisfies the second element because failure-to-hire is an adverse employment action under the ADEA. *See Van Voorhis v. Hillsborough Cty. Bd. of Cty. Comm'rs,* 512 F.3d 1296, 1300 (11th Cir. 2008) (per curiam) ("An adverse employment action [under the ADEA] is an ultimate employment decision, such as discharge or failure

36

to hire, or other conduct that alters the employee's compensation, terms of

employment, deprives him or her of employment opportunities, or adversely

affects his or her status as an employee.") (citations and internal quotation

marks omitted).  The parties agree that Defendant did not hire Plaintiff, so

the second element is satisfied.  Turning to the third element, the Court

accepts for purposes of summary judgment that Plaintiff was qualified for

the social studies teaching positions for the same reasons given above

when analyzing Plaintiff's Title VII claims.

Now looking at the fourth element, it is undisputed that GCSB hired

applicants who were younger than Plaintiff.  The ages of the seven (7)

persons hired ranged from twenty-three (23) to thirty-eight (38) years old.

That means that the persons selected were between twenty-four (24) to

thirty-nine (39) years younger than Plaintiff.  Such a substantial age

difference is sufficient to state a prima facie claim of age discrimination.

*See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294,1299 (11th Cir. 2015)

(per curiam) (finding that seven years younger is "substantially younger")

(citing *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1360

(11th Cir. 1999) (five years is enough); *Carter v. DecisionOne Corp.,* 122

F.3d 997, 1003 (11th Cir. 1997) (per curiam) (three years is enough); *Carter v. City of Miami,* 870 F.2d 578, 583 (11th Cir. 1989) (four years is enough)).

Accordingly, Plaintiff has made out a prima facie case of age discrimination.  Now, the burden shifts to Defendant to put forward objectively non-discriminatory reasons for not hiring him.  In addition to the two (2) reasons discussed above—that Plaintiff could not control his classroom and that Plaintiff's prior criminal record erroneously flagged him as ineligible for hiring—GCSB has also put forward evidence that its hiring officer, the GCHS principal, hired fifteen (15) teachers who were older than forty (40) for the 2019-2020 school year— albeit for teaching positions different from those Plaintiff sought.  *See* Declaration of GCHS Principal Pamela Jones, ECF No. 40-8 ¶ 4.  Specifically, the principal attests that she hired five (5) teachers who were older than Plaintiff during the 2019-2020 school year and that one person hired for a social studies teaching position was eighty (80) years old*. Id.*  After due consideration, the Court finds that the principal's attestations are sufficient evidence to eliminate the presumption of age discrimination.

Case No. 4:21cv320-MW-MAF

In the face of GCSB's rebuttal evidence, Plaintiff was required to point to some evidence that GCSB's proffered reasons for not hiring him were pretextual for age discrimination.  That he has not done.  "Federal courts do not sit as a super-personnel department that re-examines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting Mchnig v. *Sears, Roebuck & Co.,* 864 F.2d 1359, 1365 (7th Cir. 1988) (internal quotation marks omitted)).

As was the case with Plaintiff's Title VII claims, Plaintiff points to nothing in the record to suggest that age (instead of fitness) was the reason Defendants decided not to hire him.  Plaintiff has failed to cite to any record evidence that would allow a reasonable fact finder to conclude that Plaintiff's age was the "but-for" reason that he was not hired. *See Chapman,* 229 F.3d at 1024–25. Instead, Plaintiff simply argues that the very fact that the people hired were younger than him is *itself* evidence that

he was discriminated against on the basis of age.  These assertions

without further support cannot establish that Plaintiff's age was the "but for"

factor.  The Court also points out that Plaintiff testified that he assumes

discrimination anytime someone who does not share one of his protected

characteristics (sex, age, or race) is hired instead of him.  Hearing

Testimony of Ronald D. Davis, ECF No. 40-5 at 78:2 – 82:5. Assuming

discrimination does not create a triable issue of fact.

Finally, although the age differences between the persons hired and

Plaintiff are significant, the age differential merely put the ball in

Defendant's court to rebut Plaintiff's prima facie case.  In view of the

testimony that Defendant hired five (5) teachers older than Plaintiff for the

same school year, one of whom was an eighty (80) year old hired to teach

social studies, Plaintiff's self-serving assumptions that he was discriminated

against on the basis of age do not carry the day.

In sum, Plaintiff failed to proffer evidence sufficient to permit a

reasonable fact finder to conclude that age was the "but-for" cause of

GCSB's decision not to hire him.  Accordingly, Defendants are entitled to

judgment as a matter of law on Plaintiff's ADEA age discrimination claims.

Case No. 4:21cv320-MW-MAF

## V.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ECF No. 44

The Court has already mentioned that Plaintiff fails to point to evidence in the record to support his claims that GCSB discriminated against him on the basis of either sex or age.  Under Federal Rule of Civil Procedure 56(c), the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548, 2552-53.  On this record, it is not a close call that Plaintiff failed to meet his burden. Moreover, the Court informed Plaintiff that, under the Local Rules, summary judgment memorandums "must include pinpoint citations to the record evidence supporting each factual assertion."  ECF No. 45 at 7. Plaintiff did not comply with that directive.  Instead, Plaintiff makes conclusory allegations that he "was not offered a job because of his age (over 40), and because Defendant hire[s] mostly women."  ECF No. 44 ¶¶ 5, 9.

Case No. 4:21cv320-MW-MAF

41

Additionally, in his Complaint, Plaintiff alleges merely that he
"believed" he was discriminated against based on his sex and age because
GCSB hired individuals who fall outside of Plaintiff's protected classes of
sex and age.  ECF No. 11 at 5 ¶ 2.  Thus, in Plaintiff's view, anytime
someone outside of his protected classes is hired instead of him, he was
discriminated against.  To be entitled to summary judgment on claims of
employment discrimination, Plaintiff must show far more.  In Plaintiff's
world, to prevail on summary judgment, Plaintiff need point only to that fact
that the person hired did not share one of Plaintiff's protected
characteristics.  Under that standard, Plaintiff would prevail even in cases
like this one where there is not one scintilla of evidence of sex or age
discrimination – only speculation and conjecture.

While *pro se* pleadings are entitled to a liberal interpretation by the
courts, *pro se* litigants do not escape the essential burden under summary
judgment standards.  *See Brown,* 906 F.2d at 670.  In this case, Plaintiff
has failed to show that he is entitled to summary judgment, especially on
this record and especially when the Court must view the evidence in the

light most favorable to the non-moving party—the Defendant—when ruling on Plaintiff's motion.

.       Accordingly, the Court concludes that Plaintiff's motion for summary judgment is due to be denied.

## III.    CONCLUSION

In view of the foregoing, the Court concludes the following:

(1)    Defendant is entitled to judgment as a matter of law on Plaintiff's Title VII sex discrimination claims and ADEA age discrimination claims as no reasonable jury could find in Plaintiff's favor.

(2)    Plaintiff is not entitled to judgment as a matter of law because he has not pointed to evidence in the record that would establish that Defendant discriminated against him on the basis of sex or age.

## <u>RECOMMENDATION</u>

It is respectfully **RECOMMENDED** that Defendant's amended motion for summary judgment, ECF No. 41, be **GRANTED.**

Further, it is **RECOMMENDED** that Plaintiff's motion for summary judgment, ECF No. 44, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2023.

 s/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters.  *See* **N.D. Fla. Loc. R. 72(C);** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.