IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD DAVID JONES,

    *Plaintiff*,

v.                      Case No.: 4:21cv320-MW/MAF

GADSDEN COUNTY SCHOOL BOARD,

    *Defendant*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 51, and has also reviewed *de novo* Plaintiff's objections, ECF No. 53. Plaintiff raises two objections, but neither helps his claim.

First, Plaintiff claims that he did establish a prima facie case of unlawful employment discrimination. This objection, however, fails to acknowledge that the Magistrate Judge found not only that Plaintiff failed to establish a prima facie case as to his sex discrimination claim, but also that Defendant met its burden of offering non-discriminatory reasons for not hiring Plaintiff, thus shifting the burden to Plaintiff to show these reasons were pretext for unlawful discrimination. In other words, even accepting Plaintiff's objection as valid, it would not change the outcome of the Magistrate Judge's report and recommendation. As for the age discrimination

claim, the Magistrate Judge did find that Plaintiff established a prima facie case, but again failed to show that Defendant's proffered non-discriminatory reasons for not hiring him were pretext.

Second, Plaintiff claims that he did produce sufficient evidence to convince a reasonable juror that Defendant's proffered non-discriminatory reasons for his termination were pretext. This Court disagrees. For example, Plaintiff fails to sufficiently rebut Defendant's explanation that it declined to hire him to a full-time position because of observed issues with his classroom management capabilities. Plaintiff does not point to any record evidence to rebut this point. Instead, he relies on argument in his response to Defendant's motion for summary judgment (and again in his objection to the Magistrate Judge's report and recommendation) that (a) he did not have issues with classroom management; and (b) Defendant's reliance on school administrators' unofficial visits to Plaintiff's classroom to establish opinions on his classroom management abilities is impermissible.

Even if this Court could consider Plaintiff's disputed arguments as record evidence sufficient to rebut Defendant's proffered reasons for not hiring him, they would not permit a reasonable juror to find this reason is pretext. First, Plaintiff acknowledges that administrators often observed his class after lunch, when the students were "behav[ing] badly." *See* ECF No. 53 at 22–23. Second, Plaintiff's insistence that only "official" observations from administrators, rather than informal

observations, can be used to formulate opinions for hiring decisions lacks a legal foundation and defies understanding.

In addressing these objections and reviewing *de novo* the Magistrate Judge's Report and Recommendation, this Court emphasizes that it views all evidence in the light most favorable to Plaintiff as the non-moving party and draws all reasonable inferences in his favor. This includes the statements included in Plaintiff's first amended complaint,[1] the record evidence he cites in his response to Defendant's motion for summary judgment, and the exhibits he attached to his own motion for summary judgment and response to Defendant's motion for summary judgment. However, this Court finds that even if Plaintiff did make out prima facie claims of Title VII sex discrimination and ADEA age discrimination, he has failed to rebut Defendant's non-discriminatory explanations for failing to hire him. Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 51, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. The Clerk shall enter judgment stating, "Plaintiff's first amended complaint is **DISMISSED** with prejudice."

---

[1] The factual allegations in Plaintiff's first amended complaint qualify as unsworn declarations under 28 U.S.C. § 1746.

3. The Clerk shall close the file.

**SO ORDERED on March 22, 2023.**

**s/Mark E. Walker**
**Chief United States District Judge**
